A96A0519. BELVIN v. THE STATE.
(470 SE2d 497)

BLACKBURN, Judge.

Scott Lee Belvin appeals his conviction asserting that the trial court erred in denying his general demurrer to his indictment. Both counts of the indictment alleged that Belvin, "while a Surveillance Officer working for the Clayton County Probation Office" did engage in sexual contact with a woman who "was a probationer (over whom) the accused had supervisory and disciplinary authority."

In his demurrer Belvin contends the indictment failed to allege a recognized offense because surveillance officers are not within any of the classes of persons that OCGA § 16-6-5.1 prohibits from having

sexual contact with someone on probation. After the trial court denied the demurrer, Belvin pled guilty to one count of the indictment and was sentenced to serve two years on probation.

Belvin's guilty plea did not constitute a waiver of the defense raised in his demurrer. "A plea of guilty is a conviction of the highest order and waives all defenses *other than that the indictment charges no crime.*" (Citation and punctuation omitted; emphasis in original and supplied.) *Williams v. State*, 174 Ga. App. 506, 507 (330 SE2d 435) (1985); *King v. State*, 103 Ga. App. 272, 274-275 (119 SE2d 77) (1961).

OCGA § 16-6-5.1 (b) provides in pertinent part: "A probation or parole officer . . . commits sexual assault when he engages in sexual contact with another person who is a probationer or parolee under the supervision of said probation or parole officer."

The critical issue on appeal is whether the wording of the indictment alleging that Belvin was a "Surveillance Officer working for the Clayton County Probation Office" who had "supervisory and disciplinary authority" over the probationer is sufficient to allege that Belvin was a "probation officer" within the meaning of OCGA § 16-6-5.1. We hold that it is.

"It is an elementary rule of statutory construction that, absent clear evidence to the contrary, words should be assigned their ordinary, logical, and common meaning." (Citations and punctuation omitted.) *State v. Luster*, 204 Ga. App. 156, 157 (419 SE2d 32) (1992). The ordinary, logical, and common meaning of the term "probation officer" would include a "Surveillance Officer working for the Clayton County Probation Office" who had "supervisory and disciplinary authority" over a probationer as the indictment in the instant case alleges.

Webster's Third New International Dictionary defines "probation officer" as "an officer appointed to keep under supervision and to report on a convicted offender who is free on probation." Clearly a surveillance officer employed by the probation office and given the power to supervise and discipline probationers is a "probation officer" under this definition, as well as the common meaning of the term.

Although under *Wood v. State*, 219 Ga. 509, 513 (134 SE2d 8) (1963), courts must generally refrain from expanding the scope of penal statutes by implication, we believe that holding that the indictment in the instant case sufficiently alleges that Belvin was a probation officer is not a judicial expansion of the term "probation officer" beyond its ordinary, logical, and common meaning.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 4, 1996 —

*Crumbley & Chafin, Wade M. Crumbley*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.