A01A0879. THE STATE v. BROWN.
(551 SE2d 773)

BARNES, Judge.
John Lamar Brown was indicted on two counts of child molestation and one count of sexual exploitation of children. He moved to quash the sexual exploitation count, and the trial court granted his motion. The State appeals, and for the reasons that follow, we reverse.

Brown was indicted in Floyd County for the offense of sexual exploitation of children in violation of OCGA § 16-12-100,

> for that the said accused . . . did unlawfully . . . distribute and give to another person, visual medium depicting minors engaged in sexually explicit conduct, in that the accused did distribute and give to DETECTIVE TOM KULESA, numerous computer processed and generated images of minors, NAMES UNKNOWN TO THE GRAND JURORS, depicting

a lewd exhibition of the genitals and pubic areas of said minors, contrary to the laws of this State, the good order, peace and dignity thereof.

OCGA § 16-12-100 (b) (5) provides: "It is unlawful for any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute any visual medium which depicts a minor engaged in any sexually explicit conduct." Subsection (a) (5) of the statute defines "visual medium" as "any film, photograph, negative, slide, magazine, or other visual medium."

The trial court determined that the "visual medium" distributed, as defined by the statute, had to be the tangible thing upon which images were stored, not just the images themselves. The court's order granting Brown's motion to quash this count of the indictment reads as follows:

The Indictment, instead of alleging one of the specifically named visual media (film, photograph, etc.) merely alleges distribution of a "visual medium" which the Indictment charges as being a computer generated image transmitted to an out-of-state detective. (The Indictment lists witness Detective Tom Kulesa of the Phoenix, Arizona Police Department.) The Court determines that the term "visual medium" is specifically defined to include tangible media upon which photographic images are stored or printed. The definition of "visual medium" does not include any other inclusive language except to say "other visual medium." Read literally then, as it applies to this Indictment, the definition would be "visual medium means other visual medium," a most unhelpful statutory definition. Specifically, the State does not charge Defendant with distribution of a computer hard drive or computer disc, or other tangible thing which might be construed as a medium for the storage of images as prohibited by the Act. The General Assembly is perfectly familiar with the way to have included electronically transmitted images within the prohibitions of § 16-12-100, but has, the Court must find, deliberately chosen not to do so. (See, for example, the prohibitions set forth in §§ 16-12-100.1 and 16-12-100.2.) The Court then finds that within the prohibitions of § 16-12-100 (b) (5), the prohibition of distribution of a "visual medium" does not include the electronic transmission of images to an out-of-state recipient. The definition supplied by the General Assembly does not cover the broad definition sought by the State.

1. A motion to quash is the equivalent of a general demurrer, attacking the validity of the indictment. *Traylor v. State*, 165 Ga. App. 226, 228 (2) (299 SE2d 911) (1983). A general demurrer challenges the substance of the indictment and should be granted if a defendant can admit the accusation and still be innocent of the offense charged. *Pullen v. State*, 199 Ga. App. 881, 882 (406 SE2d 283) (1991); *Wilson v. State*, 211 Ga. App. 486, 489 (4) (439 SE2d 701) (1993). The issue here, then, is whether Brown could admit that he distributed "computer processed and generated images . . . depicting a lewd exhibition of the genitals and pubic areas of . . . minors" and still be innocent of the crime of sexual exploitation of children. Put another way, do "computer processed and generated images" constitute "visual media" which the statute prohibits distributing?

The trial court held that the statutory definition of visual media does not embrace "computer processed and generated images," but only the tangible media on which the images are stored. The trial court noted that defining "visual medium" as "other visual medium" in addition to the media specified adds nothing to the definition and concluded that OCGA § 16-12-100 (b) (5) does not prohibit the electronic transmission of images. In so holding, the trial court's order fails to distinguish between the method of distribution — electronic transmission — and the visual medium distributed, which in this case is the digital code that produces pictures when interpreted by software. The statute does not by its terms limit the method of distribution, and we first hold that electronic transmission constitutes a method of distribution as contemplated by the statute.

We next consider, not whether the electronic transmission constitutes a visual medium, but whether the digital code of the images constitutes a visual medium.

> In construing a statute, our goal is to determine its legislative purpose. In this regard, a court must first focus on the statute's text. In order to discern the meaning of the words of a statute, the reader must look at the context in which the statute was written, remembering at all times that "the meaning of a sentence may be more than that of the separate words, as a melody is more than the notes." If the words of a statute, however, are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words. If, on the other hand, the words of the statute are ambiguous, then this Court must construe the statute, keeping in mind the purpose of the statute and " 'the old law, the evil, and the remedy.' OCGA § 1-3-1 (a)."

Moreover, because this is a criminal statute, it must be strictly construed against the State.

(Footnotes omitted.) *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999). "Due process mandates that criminal laws give adequate warning of what conduct will constitute a crime." (Citation and punctuation omitted.) *Conyers v. State*, 260 Ga. 506 (1) (397 SE2d 423) (1990); OCGA § 16-1-2 (2). We look, therefore, to the language of the statute under which Brown was charged to determine whether he reasonably should have known that he could be prosecuted for distributing child pornography by transmitting images electronically.

While defining visual media as "other visual media" may not add much, as the trial court noted, its inclusion indicates that the legislature did not intend for the list of enumerated items — films, photographs, negatives, slides, and magazines — to be exclusive.

It is a well-recognized rule of construction that when a statute or document enumerates by name several particular things, and concludes with a general term of enlargement, this latter term is to be construed as being ejusdem generis[1] with the things specifically named, unless, of course, there is something to show that a wider sense was intended.

(Citations and punctuation omitted.) *State v. Mulkey*, 252 Ga. 201, 203 (2) (312 SE2d 601) (1984).

We can thus narrow the question to whether digital images are of the same general kind of "visual media" as those enumerated in the statute. While all of the listed items are "tangible," in that they can be physically handled, not all of the listed items can be viewed without the assistance of machinery. Negatives require processing; films require projectors. The images on videotapes, which are not listed as a visual medium in the statute, can be seen only with the aid of a machine.

The purpose of the statute is to prevent the dissemination of child pornography, the subject matter of which is clearly defined in OCGA § 16-12-100 (a) (4). We conclude that the most logical interpretation, and the one most in keeping with the purpose of OCGA § 16-12-100, is to prohibit situations in which a defendant transmits digital images of child pornography to another person. We believe the legislature did not intend to restrict the definition of visual media to tangible objects and that visual media include digital code that a defendant distributes electronically. We therefore conclude that the trial court erred in granting Brown's motion to quash Count 3 of the

---

[1] Of the same general kind or class.

indictment.

The fact that the General Assembly has prohibited certain conduct involving computer transmissions in OCGA §§ 16-12-100.1 and 16-12-100.2 does not compel the conclusion that it intended to exclude digital images from the definition of visual media in OCGA § 16-12-100.[2] OCGA § 16-12-100.1 makes it a misdemeanor to electronically transmit sexually explicit pictures or conversation to minors; the material exchanged need not involve child pornography. Subsection (g) of OCGA § 16-12-100.2 specifies that a person is subject to jurisdiction in Georgia when the violation of the statute "involves a child who resides in this state or another person believed by such person to be a child residing in this state." These two Code sections are directed primarily at prohibiting direct interactions with minor victims located in Georgia, and their passage does not indicate to us that the legislature intended to exclude digital images from the definition of visual media in OCGA § 16-12-100. "To the extent that a defendant's conduct before the effective date of the statute violated criminal statutes already in existence, there is no indication that the legislature intended to prevent prosecution under such statutes simply because the defendant utilized a computer in the commission of the crime." *Dennard v. State*, 243 Ga. App. 868, 876 (1) (e) (534 SE2d 182) (2000).

2. The State's remaining enumeration of error is moot in light of our holding in Division 1.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 3, 2001.

*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellant.

*Harvey C. Brown, Jr.*, for appellee.

---

[2] OCGA § 16-12-100.1 is titled "Electronically furnishing obscene material to minors," and § 16-12-100.2 is the "Computer Pornography and Child Exploitation Prevention Act of 1999."