## A09A0172. FRIX v. THE STATE.
(680 SE2d 582)

MILLER, Chief Judge.

A Newton County grand jury indicted Joseph Britton Frix on counts of (1) electronically furnishing obscene materials to minors in violation of OCGA § 16-12-100.1 (Count 1); (2) distribution of harmful materials to a minor in violation of OCGA § 16-12-103 (Count 2); (3) obscene telephone contact with a minor in violation of OCGA § 16-12-100.3 (Count 3); and (4) possession of methamphetamine in violation of OCGA § 16-13-30 (Count 4). In response to Frix's general demurrer and motion to quash the indictment, the State, with Frix's consent, filed an accusation charging Frix with the same offenses but more specifically describing the alleged unlawful conduct providing the basis for Counts 1-3. Namely, the State alleged

that Frix "sent text messages via cellular telephone to [a minor] in which [he] described sexual acts he wished to perform on said minor," in violation of the relevant statutes. Thereafter, the trial court held a hearing on Frix's general demurrer and motion to quash, which the parties treated as applicable to the new accusation, and following the hearing, issued an order denying Frix's motion to quash. We granted Frix's application for interlocutory appeal, and Frix now appeals from the trial court's order, arguing, by six enumerations of error, that none of the statutes the State alleges he violated in the first three counts of the accusation, OCGA §§ 16-12-100.1, 16-12-103, and 16-12-100.3, proscribe his alleged conduct and that these statutes failed to give him fair notice that his alleged conduct was unlawful. For the reasons set forth below, we agree with Frix that Counts 1 and 3 of the accusation alleging violation of OCGA §§ 16-12-100.1 and 16-12-100.3, respectively, should have been quashed but conclude that the trial court properly denied Frix's motion as to Count 2 alleging violation of OCGA § 16-12-103. Accordingly, we affirm in part and reverse in part.

"We begin by noting that the interpretation of a statute is a question of law, which is reviewed de novo on appeal. Because the trial court's ruling on a legal question is not due any deference, we apply the 'plain legal error' standard of review." (Citation omitted.) *Sharma v. State*, 294 Ga. App. 783, 784 (670 SE2d 494) (2008).

1. Frix argues the trial court should have dismissed Count 1 of the accusation because (1) his alleged conduct, sending sexually explicit text messages to a minor via a cellular telephone, does not fall within the scope of OCGA § 16-12-100.1 and (2) the State has unconstitutionally applied OCGA § 16-12-100.1 because he did not have fair notice that his conduct was prohibited by that statute. For the reasons set forth below, we agree that the conduct alleged in the accusation does not establish a violation of OCGA § 16-12-100.1.

(a) OCGA § 16-12-100.1 (b) provides, in relevant part:

A person commits the crime of electronically furnishing obscene materials to minors if:
(1) Knowing or having good reason to know the character of the material furnished, the person electronically furnishes to an individual whom the person knows or should have known is a minor: . . .
(B) Any written . . . matter that . . . contains explicit verbal descriptions or narrative accounts of sexual conduct, sexual excitement, or sadomasochistic abuse.

Frix does not dispute that the text messages described in the indictment constitute "written . . . matter" containing "narrative

accounts of sexual conduct, sexual excitement, or sadomasochistic abuse." He argues, rather, that when such written matter is transmitted to a minor via a text message, it has not been "electronically furnished" within the meaning of the statute. In support of his argument, Frix relies on OCGA § 16-12-100.1 (a) (3), which states:

> "Electronically furnishes" means:
> (A) To make available by electronic storage device, including floppy disks and other magnetic storage devices, or by CD-ROM; or
> (B) To make available by allowing access to information stored in a computer, including making material available by operating a computer bulletin board.

We analyze Frix's argument in light of the applicable principles of statutory construction:

> In construing a statute, our goal is to determine its legislative purpose. In this regard, a court must first focus on the statute's text. In order to discern the meaning of the words of a statute, the reader must look at the context in which the statute was written, remembering at all times that the meaning of a sentence may be more than that of the separate words, as a melody is more than the notes. If the words of a statute, however, are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words. If, on the other hand, the words of the statute are ambiguous, then this Court must construe the statute, keeping in mind the purpose of the statute and the old law, the evil, and the remedy. OCGA § 1-3-1 (a). Moreover, because [OCGA § 16-12-100.1] is a criminal statute, it must be strictly construed against the State.

(Citation and punctuation omitted.) *State v. Brown*, 250 Ga. App. 376, 378-379 (1) (551 SE2d 773) (2001).

The State apparently concedes that a sending a text message by cellular phone cannot be equated with "allowing access to information stored in a computer," as the State places its reliance solely on OCGA § 16-12-100.1 (a) (3) (A). We agree that sending a text message over a cellular phone does not meet the definition of "electronically furnishes" set forth in OCGA § 16-12-100.1 (a) (3) (B) as to allowing access to information stored in a computer.

According to the State, however, transmitting material by text

message meets the statutory definition of "electronically furnishes" in OCGA § 16-12-100.1 (a) (3) (A) because such transmittal constitutes making the material "available by electronic storage device." The State maintains, and we agree, that modern cellular phones are capable of storing large amounts of electronic information. See *United States v. Park*, 2007 U. S. Dist. LEXIS 40596 at *21-22 (N.D. Cal. May 23, 2007) (noting, in ruling on motion to suppress warrantless search of defendant's cellular phone, that modern cellular phones "have the capacity for storing immense amounts of private information," including incoming and outgoing calls, address books, calendars, voice and text messages, e-mail, video, and pictures). That cellular phones have the capacity to store electronic information does not end our inquiry, however, because we cannot construe the phrase "electronic storage device" in isolation. Rather, it must be read in context and in light of OCGA § 16-12-100.1 (a) (3) (A) as a whole. *Brown*, supra, 250 Ga. App. 378-379 (1) ("[T]he meaning of a sentence may be more than that of the separate words....") (citation and punctuation omitted).

OCGA § 16-12-100.1 (a) (3) (A) states that "electronically furnishes" means "[t]o make available by electronic storage device, *including* floppy disks and other magnetic storage devices, or by CD-ROM." (Emphasis supplied.) The term "including" is susceptible of more than one meaning. For example, as noted by Black's Law Dictionary, the word "including," when used in a statute may be "interpreted as a word of enlargement or of illustrative application as well as a word of limitation." Black's Law Dictionary at 763 (6th ed.). Our Supreme Court has acknowledged that the meaning of the term "including" and whether it should be interpreted as one of limitation "depends on the context, the subject matter, and legislative intent." (Citation and punctuation omitted.) *Berryhill v. Ga. Community Support & Solutions*, 281 Ga. 439, 441 (638 SE2d 278) (2006). Where, as here, "a general term [such as 'electronic storage device'] is followed by the word 'including,' which is itself followed by specific terms, the intent may be one of limitation." (Citation and punctuation omitted.) Id. Viewed in context, we conclude that the most reasonable construction of "including" in OCGA § 16-12-100.1 (a) (3) (A), is that it is a term of limitation in that the examples which follow, CD-ROMs and floppy disks, define and limit the meaning of the phrase "[t]o make available by electronic storage device."

A floppy disk and CD-ROM are similar in nature. They are used primarily if not solely to store information or material that can then be accessed or read by a computer. See OCGA § 16-12-100.1 (a) (2) (" 'CD-ROM' means a compact disc with read only memory which has the capacity to store audio, video, and written materials and is used by computers to reveal the above-said material"). By contrast,

YALE LAW LIBRARY

a cellular phone is used, among other things, as a communication device, and one need not use a computer to access stored information on a cellular phone. Information, once stored on a CD-ROM or floppy disk, would have to be made available by accessing it from the device itself, using a computer. Text messages, on the other hand, are transmitted from one phone to another and need not be made available by furnishing the phone itself to another person or allowing another person to have access to the phone. Given these distinctions between cellular phones and the examples of electronic storage devices enumerated in OCGA § 16-12-100.1 (a) (3) (A), we cannot conclude that sending a text message constitutes making material available "by electronic storage device" within the meaning of that subsection.

If the General Assembly had intended the term "electronic storage device" to encompass any and all devices of any nature capable of storing electronic information, it was unnecessary for it to list specific examples of such devices. "Courts should give a sensible and intelligent effect to every part of a statute and not render any language superfluous." (Citations omitted.) *Berryhill*, supra, 281 Ga. at 441. We believe that by listing specific examples, which are of the same class and kind, the General Assembly intended to circumscribe the meaning of "[t]o make available by electronic storage device." In addition, had the General Assembly intended a more open-ended definition of "electronic storage device," it could have inserted the phrase "but not limited to" after the word "including." Id. at 442; compare OCGA § 16-12-100.2 (a), (b) (2) (in statute proscribing computer or electronic pornography and child exploitation, "electronic device" defined as "any device used for the purpose of communicating with a child for sexual purposes. . . . Such term may include, *but shall not be limited to*, a computer, cellular phone, thumb drive, video game system, or any other electronic device that can be used in furtherance of exploiting a child for sexual purposes") (emphasis supplied). The absence of such words of expansion supports our interpretation of OCGA § 16-12-100.1 (a) (3) (A).

Finally, to the extent any uncertainty or ambiguity exists in the meaning of OCGA § 16-12-100.1 (a) (3) (A), the rule of strict construction would require us to construe that ambiguity in Frix's favor. "When a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute must be construed strictly against the State and in favor of the accused." (Citation and punctuation omitted.) *Vines v. State*, 269 Ga. 438, 439 (499 SE2d 630) (1998). Accordingly, "even if the State's broad construction were reasonable, the contrary strict construction of the criminal statute must be accepted because it is at least equally reasonable." (Footnote omit-

ted.) *State v. Lyons*, 256 Ga. App. 377, 379 (568 SE2d 533) (2002).

A general demurrer challenging the sufficiency of the substance of an indictment "should be granted only when a defendant can admit all the charged allegations as made and still be innocent." (Footnote omitted.) *Lyons*, supra, 256 Ga. App. at 380. We do not hesitate to characterize and condemn the conduct described in the State's accusation as deplorable and immoral. Especially in light of our duty to construe criminal statutes strictly, however, we cannot conclude that it falls within the ambit of OCGA § 16-12-100.1 as that statute is presently drafted. As such, the trial court should have granted Frix's motion to quash as to Count 1 of the accusation.

(b) Given our disposition in Division 1 (a) above, we need not reach the issue of whether the State's prosecution of Frix under OCGA § 16-12-100.1 would violate his procedural due process rights.

2. Frix challenges Count 2 of the accusation on the same grounds as Count 1, claiming his alleged conduct was not proscribed by OCGA § 16-12-103 and that he lacked fair notice of the statute's application. These claims of error are without merit.

(a) OCGA § 16-12-103 (a) declares that:

It shall be unlawful for any person knowingly to sell or loan for monetary consideration or otherwise furnish or dissemi-nate to a minor: . . .

(2) Any book, pamphlet, magazine, *printed matter however reproduced*, or sound recording which contains . . . explicit and detailed verbal descriptions or narrative accounts of sexual excitement, sexual conduct, or sadomasochistic abuse and which, taken as a whole, is harmful to minors.

(Emphasis supplied.) OCGA § 16-12-103 (a).

Frix contends that this Code section does not proscribe sending sexually explicit text messages to a minor but rather only prohibits furnishing minors with "tangible" visual and printed sexually ex-plicit materials. Under the plain language of OCGA § 16-12-103 (a), it is unlawful to "furnish" or "disseminate" any of the enumerated materials to a minor, and, unlike OCGA § 16-12-100.1, the statute does not limit its proscription to any particular method of delivery, electronic or otherwise. The specific question before us is whether the material transmitted here, namely, a sexually explicit text message, constitutes "printed matter however reproduced" under OCGA § 16-12-103 (a) (2). We conclude that it does.

Text messages are "printed matter" in the sense that they are comprised of words or numbers capable of being read by the recipient. See Merriam Webster's Collegiate Dictionary, Eleventh

Edition at 987 (definition of "print" includes "to display on a surface (as a computer screen) for viewing"). By using the phrase "however reproduced," the General Assembly signaled its intent that printed matter need not be in any particular form. If we were to accept Frix's interpretation of OCGA § 16-12-103, a wide variety of material would be excluded from the statute's reach, including e-mails, documents created with word processing programs or in portable document format (PDF) and sent from one computer to another, or newspaper or magazine articles accessed online and sent electronically to a recipient. We find no indication that the General Assembly intended OCGA § 16-12-103 to be interpreted so restrictively.

(b) "It is beyond question that the Due Process Clause requires that the law give a person of ordinary intelligence fair warning that his specific contemplated conduct is forbidden." (Citation and punctuation omitted.) *Garza v. State*, 284 Ga. 696, 700 (1) (670 SE2d 73) (2008). Based on our analysis of the plain language of OCGA § 16-12-103 in Division 2 (a) above, we reject Frix's argument that a person of ordinary intelligence would not have fair notice that sending a sexually explicit text message to a minor was unlawful under OCGA § 16-12-103.

3. Finally, Frix contends that Count 3 of the accusation should have been dismissed because his alleged conduct is not unlawful under OCGA § 16-12-100.3 and that he lacked fair notice that the statute applied to sexually explicit text messages transmitted to a minor by cellular phone. The State concedes and we agree that the conduct alleged in the accusation is not within the scope of OCGA § 16-12-100.3.

(a) Pursuant to OCGA § 16-12-100.3 (b):

A person 17 years of age or over commits the offense of obscene telephone contact with a child if that person has telephone contact with an individual whom that person knows or should have known is a child, and that contact involves any *aural* matter containing explicit verbal descriptions or narrative accounts of sexually explicit nudity, sexual conduct, sexual excitement, or sadomasochistic abuse which is intended to arouse or satisfy the sexual desire of either the child or the person, provided that no conviction shall be had for this offense on the unsupported testimony of the victim.

(Emphasis supplied.) OCGA § 16-12-100.3 (b). The term "aural" means "[o]f, pertaining to, or perceived by the ear." American Heritage Dictionary, Second College Edition at 14. A text message, which is in written format and not capable of being heard, is not

"aural matter" within the meaning of OCGA § 16-12-100.3 (b). As such, the trial court erred in failing to quash Count 3 of the accusation.

(b) Given our disposition in Division 3 (a) above, we need not reach the issue of whether the State's prosecution of Frix under OCGA § 16-12-100.3 would violate his procedural due process rights.

For the reasons set forth above, we affirm the trial court's order denying Frix's motion to quash as to Count 2 of the accusation, and the State may therefore proceed with its prosecution of Frix under OCGA § 16-12-103. We reverse the trial court's order insofar as it denied the motion to quash as to Counts 1 and 3 of the accusation because the statutes at issue, OCGA §§ 16-12-100.1 and 16-12-100.3, do not apply under these facts.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 25, 2009.

*John L. Strauss*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Melanie M. Bell, Assistant District Attorney*, for appellee.