**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 17, 2014**

# In the Court of Appeals of Georgia

A14A0896. WETZEL v. THE STATE.          DO-033 C

DOYLE, Presiding Judge.

Jeremy Michael Wetzel was convicted of violating the Computer or Electronic Pornography and Child Exploitation Prevention Act of 2007[1] for using a cell phone to solicit a child under 16 to send and receive nude photographs (Count 1), and electronically furnishing obscene material to a minor (Count 3).[2] Wetzel appeals, arguing that the trial court erred by (1) overruling his demurrer to Count 1; (2) denying his motion for directed verdict as to Count 1; (3) incorrectly charging the

---

[1] OCGA § 16-12-100.2 (d).

[2] OCGA § 16-12-100.1 (b). Wetzel was also charged with one count of child molestation in violation of OCGA § 16-6-4 (a) for sending a photograph of his genitals to the victim, but he was acquitted of that charge.

jury as to Count 1; (4) denying his motion for a directed verdict as to Count 3; and (5) incorrectly charging the jury as to Count 3.

Viewed in the light most favorable to the verdict,[3] the evidence adduced at trial showed that in the fall of 2011, S. B. J. was a 15-year-old sophomore at a high school, where Wetzel was employed as a paraprofessional in the special needs classroom and as a member of the baseball coaching staff. The victim had previously met Wetzel when she was in eighth grade and he was assisting the boys' baseball team for the high school, and during the fall of 2011, the victim starting working with a student organization with which Wetzel assisted. The two made contact outside school via the Facebook social network, where S. B. J. obtained Wetzel's phone number leading to communication between the two via text messages on her cell phone in addition to messages through an application on her sister's iPod Touch to and from his cell phone beginning in mid-November 2011.

Although the victim characterized their interactions as "normal, casual conversations" at first, at some point in November 2011, Wetzel sent a text message to S. B. J. asking about sizes of penises she had seen, and his messages become more sexual in nature. On a later night, Wetzel sent a picture of himself to S. B. J. asking

---

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

what he would get in return. S. B. J. sent pictures of herself unclothed from the waist up to Wetzel that same evening. On or about the evening of November 16, 2011, Wetzel attempted to send photographs to the victim via his cell phone, however, after encountering difficulty, he sent two emails to her from his own email account — one email contained a photograph of an erect penis, and the other contained a photograph of a nude male with an erect penis standing in front of a bathroom mirror. Although the male's face was cropped from view, the bathroom in which the male was standing had decor matching Wetzel's bathroom.

On approximately December 7, 2011, high school administrators became aware of the nature of the contact and photographs sent between Wetzel and the victim, and an internal investigation ensued, after which school administration contacted the sheriff's department and the Department of Family and Children Services.

1. Wetzel argues that the trial court erred by overruling his general demurrer as to Count 1, violating the Computer or Electronic Pornography and Child Exploitation Prevention Act of 2007.[4]

(a) Wetzel first contends that his demurrer should have been granted because the indictment failed to properly charge the essential elements of OCGA § 16-12-

---

[4] OCGA § 16-12-100.2 (d) (2011).

3

100.2 (d) (1), which Wetzel claims include an allegation that the solicitation was for violation of one of four underlying prohibited acts defined in OCGA §§ 16-6-2, 16-6-4, 16-6-5, or 16-6-8. We disagree.

Pursuant to former OCGA § 16-12-100.2 (d) (1),

[i]t shall be unlawful for any person intentionally or willfully to utilize a computer on-line service or Internet service, including but not limited to a local bulletin board service, Internet chat room, e-mail, on-line messaging service, or other electronic device, to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child or another person believed by such person to be a child to commit any illegal act described in Code Section 16-6-2, relating to the offense of sodomy or aggravated sodomy; Code Section 16-6-4, relating to the offense of child molestation or aggravated child molestation; Code Section 16-6-5, relating to the offense of enticing a child for indecent purposes; or Code Section 16-6-8, relating to the offense of public indecency or to engage in any conduct that by its nature is an unlawful sexual offense against a child.

Based on the language of the statute, Wetzel contends that there are four underlying crimes that make up the bases of the overarching crime of computer solicitation, one of which must be alleged by the State. In this case, the State indicted Wetzel

with the offense of COMPUTER PORNOGRAPHY for that . . . [Wetzel] on and between [August 1, 2011,] and [December 7, 2011,] .

4

. . . did intentionally utilize an electronic device, to wit: a cellular phone, to seduce, solicit, and entice [S. B. J.], a child under 16 years of age, to engage in the sending and receiving of nude photographs, conduct that is, by its nature, an unlawful sexual offense against a child; in violation of OCGA § 16-12-100.2 (d); contrary to the laws of said State.

Wetzel contends that this indictment failed to charge all the necessary elements of computer solicitation because it failed to allege one of the four necessary underlying crimes and instead charged that the act of solicitation was "conduct by its very nature an unlawful sexual offense against a child." Wetzel contends this is a fatal error in the indictment.

In construing a statute, our goal is to determine its legislative purpose. In this regard, a court must first focus on the statute's text. In order to discern the meaning of the words of a statute, the reader must look at the context in which the statute was written, remembering at all times that the meaning of a sentence may be more than that of the separate words, as a melody is more than the notes. If the words of a statute, however, are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words. . . . because [OCGA § 16-12-100.1] is a criminal statute, it must be strictly construed against the State.[5]

---

[5] (Punctuation omitted.) *Frix v. State*, 298 Ga. App. 538, 540 (1) (680 SE2d 582) (2009), quoting *State v. Brown*, 250 Ga. App. 376, 378-379 (1) (551 SE2d 773)

First, we disagree with Wetzel's reading of the statute that a violation of one of the four other statutes named in OCGA § 16-12-100.2 (d) (1) is required in order to effectively charge a crime under the statute. We agree with the State that the phrase "or to engage in any conduct that by its nature is an unlawful sexual offense against a child" is not a modifier of the phrase "relating to the offense of public indecency" — OCGA § 16-6-8. In addition to the fact that the plain meaning of the language "or engage in *any conduct*" establishes that the legislature meant to include the final phase as separate avenue to establish a predicate offense, Wetzel's preferred reading would render the statute nonsensical because public indecency is not a crime reserved for sexual violations against children and instead can be committed against any individual.

The fact that the legislature failed to include punctuation before the final phrase, rather than the comma that was added during the statutory revision effective on July 1, 2013 — or even better, a semicolon — does not convince us otherwise because in observing the previous punctuation usage, the legislature used punctuation to offset the code sections, which was not necessary for this phrase. Although it may have been clearer to put the phrase "to engage in any conduct that by its nature is an

_____

(2001).

6

unlawful sexual offense against a child" prior to the phrase "to commit any illegal act by, with, or against a child as described in [the four enumerated code sections]," the legislature's decision not to do so does not render the final phrase into a dependent modifier of the predicate offense of public indecency.

(b) Wetzel also asserts that his demurrer should have been granted because the trial court's reading of the statute — that the fifth method by which a defendant may be convicted under the statute is by utilizing an electronic service to solicit a minor "to engage in any conduct that by its nature is an unlawful sexual offense against a child" — renders the statute void for vagueness.

Nevertheless, in order to preserve a constitutional challenge to a statute for review, Wetzel should have sought a distinct ruling on the issue by the trial court.[6] He failed to do so. Accordingly, this issue was not preserved, and this Court cannot review this argument.

---

[6] See *McAllister v. State*, 325 Ga. App. 583, 586 (2) (754 SE2d 376) (2014) (failure to obtain a distinct ruling on a constitutional issue presents nothing for this Court to review when enumerated as error on appeal); *Bain v. State*, 258 Ga. App. 440, 445-446 (3) (574 SE2d 590) (2002) (same). Compare with *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 727-728 (1) (524 SE2d 455) (1999). See also *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (appellate courts are for correction of errors of law made by the trial courts; an error of law has as its basis a specific ruling made by the trial court; an appealing party must set forth in the enumeration of errors the allegedly erroneous ruling).

2. Wetzel also argues that the trial court erred by denying his motion for a directed verdict as to Count 1.

(a) Wetzel first argues that the State failed to establish that he solicited the victim to violate any of the underlying prohibited acts described in the statute.

Although Wetzel strenuously argues that there is no evidence that he and S. B. J. had text message conversations about penis sizes or about exchanging nude photographs, S. B. J. testified to these facts, which is sufficient for a jury to find Wetzel guilty of Count 1.[7] Moreover, her testimony is supported by emails in her email account bearing Wetzel's email address; topless pictures of herself in her iPod device; text messages between the two on her iPod in a messaging application referencing: (1) Wetzel's nude photographs, (2) his deletion of photographs of her done at her insistence, and (3) her wanting to have sexual intercourse with him as a result of having viewed the photograph of the erect penis sent from his email account to hers and taken in a bathroom containing decor matching that of his bathroom.

---

[7] See *Newton v. State*, 296 Ga. App. 332, 335 (1) (a) (674 SE2d 379) (2009) (a single victim's testimony is sufficient to sustain a conviction and any inconsistencies in the testimony or between the testimony and prior statements were for the jury to resolve).

8

(b) Wetzel also argues that the State failed to prove that Wetzel knew that the victim was under 16 years old, which Wetzel argues is a requirement under the statute. We disagree.

> OCGA § 16-12-100.2 (d) makes it illegal
>
> for any person intentionally or willfully to utilize a computer wireless service . . . to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child,[8] another person believed by such person to be a child, any person having custody or control of a child, or another person believed by such person to have custody or control of a child to commit any illegal act [delineated in the statute.]

As with OCGA §§ 16-6-3 and 16-6-4, which prohibit statutory rape and child molestation respectively, "[t]he legislature has carefully worded [OCGA § 16-12-100.2] so that the defendant's knowledge of the age of the victim is not an element of the crime."[9]

---

[8] OCGA § 16-12-100.2 (b) (1) defines "child" as "any person under the age of 16 years."

[9] Cf. *Haywood v. State*, 283 Ga. App. 568, 569 (642 SE2d 203) (2007). See also OCGA § 16-6-3 ("[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse."); OCGA § 16-6-4 (a) ("[a] person commits the offense of child molestation when such person: (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years . . . .").

Wetzel cites *Phagan v. State*,[10] for the proposition that OCGA § 16-12-100.2 contains a requirement for the State to prove knowledge of the child's status as such. In that case, the Georgia Supreme Court determined that OCGA § 16-12-100, which is not at issue here, contained such a requirement because the legislature used the word "knowingly" to describe the prohibited conduct. For instance, OCGA § 16-12-100 (b) (1) states that "[i]t is unlawful for any person *knowingly* to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct."[11] In the present case, the legislature did not include the word "knowingly."[12] Indeed, the Supreme Court compared the use of the word knowingly in OCGA § 16-12-100 to the child molestation statute and the statutory rape statute as an illustration of when the State is required to prove the defendant knew the victim's status verses those statutes in which no such proof is required. Accordingly, the State was not required to present proof that Wetzel knew the victim

---

[10] 268 Ga. 272, 276-278 (3) (b) (486 SE2d 876) (1997).

[11] (Emphasis supplied.)

[12] See OCGA § 16-12-100.2 (d) (1).

10

was a child at the time of the act, and the trial court correctly denied his motion for directed verdict on this basis.

3. Wetzel argues that the trial court erred by failing to charge the jury as to the essential elements of Count 1. Nevertheless, based on our conclusions in the foregoing divisions — that the defendant's knowledge of the victim's age was not a material element of Count 1, and that the State was not required to allege and prove that the defendant violated one of the four enumerated statutes contained in OCGA § 16-12-100.2 (d) (1) — this enumeration is without merit. The trial court instructed the jury that "[a] person commits the offense of computer pornography, when he intentionally utilizes an electronic device to seduce, solicit, or entice a child . . . to engage in any conduct that by its nature is an unlawful sexual offense against a child." Accordingly, the jury charge was correct according to the law and the indictment, and there was no error.[13]

---

[13] See *Hammonds v. State*, 263 Ga. App. 5, 7 (2) (587 SE2d 161) (2003) (although trial court instructed the jury as to the entire statute, it sufficiently limited the jury's deliberations to the manner as charged in the indictment therefore avoiding an erroneous instruction). Compare with *Lyman v. State*, 188 Ga. App. 790, 792 (2) (374 SE2d 563) (1988) ("It is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner.").

4. Next, Wetzel contends that the trial court erred by denying his motion for a directed verdict as to Count 3, violating OCGA § 16-12-100.1 (b).

Under OCGA § 16-12-100.1 (b),

[a] person commits the crime of electronically furnishing obscene materials to minors if: (1) Knowing or having good reason to know the character of the material furnished, *the person electronically furnishes to an individual whom the person knows or should have known is a minor*[14]: (A) Any picture, photograph, drawing, or similar visual representation or image of a person or portion of a human body which depicts sexually explicit nudity, sexual conduct, or sadomasochistic abuse and which is harmful to minors . . . .

(a) Wetzel first argues that the State failed to establish that he "electronically furnished" the images to the victim.

Pursuant to OCGA § 16-12-100.1 (a) (3), "'[e]lectronically furnishes' means: (A) [t]o make available by electronic storage device, including floppy disks and other magnetic storage devices, or by CD-ROM; or (B) [t]o make available by allowing access to information stored in a computer, including making material available by operating a computer bulletin board system."

---

[14] (Emphasis supplied.) OCGA § 16-12-100.1 (a) (5) defines a minor as an unmarried person under 18 years old.

12

Wetzel contends that the phrase "including making material available by operating a computer bulletin board system [("BBS")]" is a limiting phrase that requires the State to prove he operated a BBS. We disagree. The phrase at issue adds an additional avenue through which the State may establish that a defendant allowed access to information, and it does not add a limiting requirement that the State must prove in every circumstance. Wetzel's reliance on *Frix v. State*[15] is misplaced. The word "including" in that case is followed by a list of specific examples, one of which is the very broad category of "other magnetic storage devices," which led this Court to conclude that the legislature did not intend to include cell phones in the definition of "electronic storage device" because cell phone did not appear in that list. Here, the plain language of the subsection shows that the legislature intended to add the limited category of BBSs within the definition of "information stored in a computer" rather than limiting the definition thereto in all circumstances.[16]

---

[15] Compare with *Frix*, 298 Ga. App. at 541-542 (1) (interpreting OCGA § 16-12-100.1 (a) (3) (A), which states that "to make available by electronic storage device, including floppy disks and other magnetic storage devices, or by CD-ROM," and concluding that the legislature limited "electronic storage device" with the phrase "including floppy disks and other magnetic storage devices, or by CD-ROM").

[16] See id. See also *McMullen v. State*, 316 Ga. App. 684, 693-694 (3) (a) n. 43 (730 SE2d 151) (2012), citing *Reeves v. Upson Regional Med. Center*, 315 Ga. App. 582, 586 (2) (726 SE2d 544) (2012) ("[W]hen we consider the meaning of a statute,

(b) Wetzel also argues that the State failed to establish that he knew the victim was under 18 years old. In support of this argument, Wetzel points to the fact that students are allowed to attend high school until they are 21 years old if necessary to complete their degree, and at the time of the incident, students up to 19 years old were enrolled in the victim's school. But this question was for the jury, and the jury's verdict that Wetzel knew or should have known the victim was under 18 is supported by the victim's testimony that she worked with Wetzel in an extracurricular student organization when she was a 15-year-old sophomore and he was a paraprofessional and that she had met him while she was in eighth grade two years earlier and not yet attending the high school.[17]

(c) Wetzel contends that OCGA § 16-12-100.1 (a) (3) (B) is void for vagueness. As we concluded in Division (1) (a), however, Wetzel failed to secure a

---

we always must presume that the General Assembly means what it says and says what it means, and an unambiguous statute must be afforded its plain meaning.") (citation and punctuation omitted); *In the Interest of L. J.*, 279 Ga. App. 237, 238 (630 SE2d 771) (2006) ("[When] the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly.").

[17] See *Phagan v. State*, 268 Ga. 272, 278 (3) (c) (486 SE2d 876) (1997).

ruling by the trial court on this issue and has therefore failed to preserve the issue for review.[18]

5. Finally, Wetzel argues that the trial court erred by incorrectly charging the jury on Count 3 because the court failed to require the jury to find that he operated a BBS as a material element of the crime.[19] Based on our determination in Division (4) (a) that the phrase to which Wetzel refers is not a material element of the crime in every circumstance, this enumeration is without merit.

*Judgment affirmed. Miller and Dillard, JJ., concur.*

---

[18] See *McAllister*, 325 Ga. App. at 586 (2); *Bain*, 258 Ga. App. at 445-446 (3).

[19] To the extent that Wetzel attempts to argue that the indictment failed to charge him with the specific manner under OCGA § 16-12-100.1 (b) (1) because the State did not enumerate within the indictment how Wetzel allegedly "electronically furnished" the images to the victim, we do not review that argument. See *Felix*, 271 Ga. at 539, n. 6 ("[A]n appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors.").