SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 3, 2015**

# In the Court of Appeals of Georgia

A15A1050. IN THE INTEREST OF B. C., A CHILD.

MILLER, Judge.

The State filed a petition alleging that then 13-year-old B. C. committed the delinquent acts of aggravated sodomy, aggravated child molestation and child molestation. At the adjudicatory hearing, B. C. informed the juvenile court that, pursuant to plea negotiations with the State, he intended to enter an *Alford*[1] plea to the child molestation charge in exchange for dismissal of the remaining charges.[2] The trial court denied B. C.'s request, finding that OCGA § 15-11-580, which the

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

[2] We note that aggravated sodomy and aggravated child molestation are designated felonies when allegedly committed by a juvenile aged 13 to 17 years. See OCGA § 15-11-560. The superior court has original jurisdiction over those offenses, unless the State elects to decline prosecution in superior court and the case is transferred to the juvenile court. Id.

legislature enacted in 2013 as part of the new Juvenile Code, does not authorize the entry of an *Alford* plea in juvenile court. This Court granted B. C.'s application for interlocutory review. On appeal, B. C. contends, and the State agrees, that the juvenile court erred in finding that OCGA § 15-11-580 prohibits *Alford* admissions. For the reasons that follow, we vacate the juvenile court's order and remand this case.

An *Alford* plea allows an individual accused of a crime to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, supra, 400 U. S. at 37. Juvenile courts in Georgia have historically accepted *Alford* pleas. See, e.g., *In the Interest of J. L. B.*, 280 Ga. App. 556, 561 (634 SE2d 514) (2006); *In the Interest of L. T.*, 325 Ga. App. 590 (754 SE2d 380) (2014) (juvenile entered *Alford* plea while former Juvenile Code was in effect). In this case, however, the juvenile court narrowly interpreted OCGA § 15-11-580 as precluding the entry of an *Alford* plea in juvenile court.

The interpretation of a statute is a question of law, which this Court reviews de novo without deference to the juvenile court's ruling. See *Frix v. State*, 298 Ga. App. 538, 539 (1) (680 SE2d 582) (2009).

2

In construing a statute, our goal is to determine its legislative purpose. In this regard, a court must first focus on the statute's text. In order to discern the meaning of the words of a statute, the reader must look at the context in which the statute was written, remembering at all times that the meaning of a sentence may be more than that of the separate words, as a melody is more than the notes. If the words of a statute, however, are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words.

(Citation omitted.) See *Frix*, supra, 298 Ga. App. at 540 (1). In determining the legislative purpose, we presume that the statute was enacted by the legislature with full knowledge of the existing law. See *State v. Johnson*, 292 Ga. 409, 412 (738 SE2d 86) (2013).

With these statutory rules of interpretation in mind, we turn to the language of OCGA § 15-11-580. With regard to the admission or denial of allegations in a delinquency petition, OCGA § 15-11-580 provides that the child may:

(1) Deny the allegations of such petition, in which case the court shall proceed to hear evidence on such petition; or (2) Admit the allegations of such petition, in which case the court shall further inquire to determine whether there is a factual basis for adjudication. If so, the court may then adjudge such child to have committed a delinquent act.

OCGA § 15-11-580 (b). The statute further provides: "[i]f a child stands mute, refuses to answer, or answers evasively, the court shall enter a denial of the allegations." OCGA § 15-11-580 (c).

The plain language of OCGA § 15-11-580 provides that a child may admit the allegations in a delinquency petition, and nothing in the statute prohibits admissions made pursuant to an *Alford* plea, as long as there is a factual basis for the child's delinquency adjudication. See OCGA § 15-11-580 (b) (2).[3] Accordingly, we presume that the General Assembly enacted OCGA § 15-11-580 with the knowledge and understanding that *Alford* pleas have historically been accepted in Georgia's juvenile courts. See, e.g., *In the Interest of J. L. B.*, supra, 280 Ga. App. at 561; *In the Interest of L. T.*, supra, 325 Ga. App. at 590.

Moreover, the provisions of OCGA § 15-11-580 are similar to the arraignment provisions set forth in the adult Criminal Code, which provide that the adult shall be required to answer whether he is guilty or not guilty of the charged offense and if he pleads not guilty or stands mute then the clerk shall record a plea of not guilty. See OCGA §§ 17-7-93 and 17-7-94. As with OCGA § 15-11-580, the adult arraignment

---

[3] See also *Skinner v. State*, 297 Ga. App. 828, 831 (2) (678 SE2d 526) (2009) (requiring inquiry into factual basis for *Alford* plea); accord, *Alford*, supra, 400 U. S. at 38 n., 10.

statutes make no express reference to the well-established practice of accepting *Alford* pleas in Georgia's state and superior courts. See id.

Finally, any doubt regarding whether the General Assembly intended to allow *Alford* pleas in juvenile court must be resolved in favor of the General Assembly's express statement that the Juvenile Code is intended to provide treatment and rehabilitation for juvenile offenders and "shall be *liberally construed* to reflect that the paramount child welfare policy of this state is to determine and ensure the best interests of its children." (Emphasis supplied.) OCGA § 15-11-1.

Since the General Assembly has not expressly prohibited the entry of *Alford* pleas in juvenile court, and the juvenile court was required to construe OCGA § 15-11-580 liberally to ensure B. C.'s best interests, the juvenile court erred in narrowly interpreting that statute to preclude the entry of an *Alford* plea. Moreover, we note that both the State and B. C. believe that an *Alford* plea is in B. C.'s best interest. Accordingly, we vacate the juvenile court's order and remand this case for further proceedings not inconsistent with this opinion.

*Judgment vacated and case remanded. Andrews, P. J., and Branch, J., concur.*