## 44507. EARP v. ANGEL.
### (357 SE2d 596)

CLARKE, Presiding Justice.

This is an appeal by the Commissioner of Public Safety from a decision granting habeas corpus relief to Angel. In 1985 the Department of Public Safety declared Angel a habitual violator and revoked his driver's license for five years. Angel did not appeal this action which followed his pleading guilty to driving under the influence and to driving while a habitual violator in 1983 and his pleading nolo contendere to a charge of driving while a habitual violator.

The 1983 pleas were taken pursuant to the terms of the Probation for First Offenders Act, OCGA § 42-8-60 et seq., and Angel was discharged without adjudication of guilt of these two offenses under the act. Following the 1985 adjudication of habitual violator, Angel filed a petition for habeas corpus on the basis that the offenses under the First Offenders Act could not be the predicate offenses for an adjudication of habitual violator. The habeas court granted the relief sought, and the Commissioner appealed. We reverse but for another reason.

Appellee failed to follow the appellate procedure available under OCGA § 40-5-66 to attack his adjudication as a habitual violator. "[F]ailure to enumerate as error on appeal *any* alleged error or deficiency stands on like footing with a failure to make timely objection in the trial court — that is, the same shall be waived. Being waived, there then exists a procedural bar to its consideration in habeas corpus proceedings, under the same circumstances as pertain to like waivers in the trial court." *Black v. Hardin*, 255 Ga. 239, 240 (336 SE2d 754) (1985).

*Judgment reversed. All the Justices concur.*

DECIDED JULY 9, 1987 —
RECONSIDERATION DENIED JULY 30, 1987.

*Michael J. Bowers, Attorney General, Jennifer L. Hackemeyer, Assistant Attorney General,* for appellant.
*Michael Martin,* for appellee.