## 44747. EARP v. LYNCH.
(362 SE2d 55)

BELL, Justice.

Appellant is the Commissioner of the Department of Public Safety. He appeals a decision granting habeas corpus relief to appellee Lynch. We are asked to decide whether the trial court correctly held that a revocation of a driver's license under the habitual violator statute, OCGA § 40-5-58, may not be based on a predicate offense which was later expunged under the First Offenders Act, OCGA § 42-8-60 et seq. We do not reach the merits of appellant's contentions because we find that appellee did not bring his appeal within thirty days following the Department of Public Safety's revocation decision, as required by law. We therefore further find that the habeas court should not have granted the writ, and the judgment below must be reversed.

Pursuant to OCGA § 40-5-58, appellant on December 10, 1984, revoked appellee's driver's license. Lynch did not appeal the revocation within thirty days of the Department's decision, as required by OCGA § 40-5-66. He did not ask the Department to reconsider its decision until approximately a year later, after two of the predicate offenses upon which the revocation was based were expunged under OCGA § 42-8-60 et seq., the First Offenders Act. Lynch argued that the revocation action must be rescinded because he no longer had three offenses on his driving record. When the Department refused, Lynch brought his successful habeas action.

The revocation of a driver's license is a restraint on liberty within the meaning of the habeas corpus statute, OCGA § 9-14-1 (c); therefore, an action for a writ of habeas corpus is appropriate to contest a revocation. Hardison v. Martin, 254 Ga. 719 (1) (334 SE2d 161) (1985). But one who wishes to contest a license revocation decision by

the Department of Public Safety must "follow the appellate procedure available under OCGA § 40-5-66 to attack his adjudication as a habitual violator." *Earp v. Angel,* 257 Ga. 333, 334 (357 SE2d 596) (1987). Further, the failure to bring a timely appeal is a waiver of the right to appeal. Id.

As previously noted, OCGA § 40-5-66 requires appeals to be made within thirty days of the revocation decision by the Department of Public Safety. In *Angel* we reversed a trial court decision granting habeas relief to a person who had failed to appeal the revocation of his driver's license within the required thirty days. We conclude that the relevant facts in this case are similar to the facts in *Angel* and that our decision in that case controls here. Accordingly, the trial court's decision granting the writ of habeas corpus is reversed.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED NOVEMBER 24, 1987.

*Michael J. Bowers, Attorney General, Neal B. Childers, Assistant Attorney General,* for appellant.

*Lavigno & Dawkins, Salvatore J. Serio,* for appellee.