A10A0787. SOMMERS OIL COMPANY v. GEORGIA DEPARTMENT OF AGRICULTURE.
(699 SE2d 537)

ADAMS, Judge.

Sommers Oil Company brought suit against the Georgia Department of Agriculture ("DOA") alleging that the DOA had negligently

---

supervised one of its fuel calibration inspectors, who had colluded with certain fuel station owners in a pump-rigging scheme. Specifically, Sommers alleged that these stations, which were located along a corridor of Interstate 95, deliberately calibrated their fuel pumps to dispense less gas than customers actually paid for, and that they avoided detection because the inspector would notify the stations of supposedly unannounced inspection dates so that the pumps could be properly calibrated on those dates. Sommers was both a fuel supplier and a station operator, and alleged it was damaged by this pump-rigging scheme because it was never paid for the fuel it supplied to the stations based on this falsified information and because it was forced to close one of its own stations because of the unfair competition resulting from the cheating.

The DOA subsequently filed a motion to dismiss on the basis of sovereign immunity, arguing among other things, that Sommers' claims were barred by the inspection and licensing exceptions set forth in the Georgia Tort Claims Act (GTCA). The trial court granted the motion, and Sommers appeals.

The GTCA provides a limited waiver of sovereign immunity for suits against the state and its employees, and also sets forth certain exceptions from that waiver. OCGA § 50-21-20 et seq. Subsections (8) and (9) of OCGA § 50-21-24 provide exceptions for "[i]nspection powers or functions" and "[l]icensing powers or functions" respectively. The trial court found that Sommers' claims fell under those exceptions, and thus the DOA was immune from suit for those claims. On appeal, Sommers argues that its claim is not barred by either the inspection or licensing exception, because those exceptions do not apply to a claim for negligent supervision.

Pursuant to OCGA § 50-21-24 (8) the state has no liability for losses resulting from

> [i]nspection powers or functions, including failure to make an inspection or making an inadequate or negligent inspection of any property other than property owned by the state to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety[.]

"The exception applies to all 'inspection powers and functions undertaken by state officials in the performance of their official duties or employment,' regardless of the source for the alleged duty to inspect." *Comanche Constr. v. Dept. of Transp.*, 272 Ga. App. 766, 768-769 (2) (613 SE2d 158) (2005).

Subsection (9) also provides an exception for "[l]icensing powers or functions, including, but not limited to, the issuance, denial,

suspension, or revocation of or *the failure or refusal to* issue, deny, *suspend, or revoke any permit, license*, certificate, approval, order, or similar authorization[.]'' (Emphasis supplied.)

We find that the DOA is immune from suit under both of these exceptions. Although Sommers couched its claim as a claim for negligent supervision, the essence of the claim here is that the pumps of the offending stations were improperly inspected ''to determine whether [they] complie[d] with or violate[d] any law, regulation, code, or ordinance,'' OCGA § 50-21-24 (8), and that due to this improper inspection, the DOA failed to discover the miscalibrations and thus ''fail[ed] . . . to . . . suspend[ ] or revoke'' the offending stations' permits. OCGA § 51-21-24 (9). Further, because of this failure, Sommers continued to supply fuel to the stations based on the falsified information, resulting in a failure to be paid for the fuel it supplied, and was forced to close down its own station because of the unfair competition. ''Nomenclature notwithstanding, the substance of a claim must be considered, and a party cannot do indirectly what the law does not allow to be done directly.'' (Citation omitted.) *Jordan v. Bd. of Public Safety*, 253 Ga. App. 339, 343 (2) (559 SE2d 94) (2002). Based on the foregoing, the trial court did not err by granting the DOA's motion to dismiss based on sovereign immunity grounds.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 21, 2010 —
RECONSIDERATION DENIED JULY 21, 2010 — 

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Kathryn H. Pinckney*, for appellant.

*Thurbert E. Baker, Attorney General, G. Michael Banick, Assistant Attorney General*, for appellee.

*C. Deen Strickland, Franklin D. Rozier, Jr.*, amici curiae.