# Court of Appeals
# of the State of Georgia

ATLANTA,  September 05, 2013

*The Court of Appeals hereby passes the following order:*

## A13A2457. JAMES L. BROWN v. THE STATE.

James Brown pled guilty in 2003 to sexual exploitation of children and other charges. He was given a 20-year sentence, to serve five in confinement and the remainder on probation. In 2009, the State petitioned to revoke Brown's probation on the ground that he had violated a special condition prohibiting possession of pornography. Following a hearing, the court revoked seven years and ten months of Brown's probation. More than a year after entry of the revocation order, Brown filed an application for discretionary review of the revocation, which was docketed as A11D0379. By order entered on May 31, 2011, we dismissed the application as untimely.

Brown then filed a "Motion to Set Aside Null and Void Conviction and Sentence" in the trial court, arguing that the revocation of his probation two years before had been unjustified.[1] The trial court denied the motion, and Brown again sought discretionary review. By order entered on March 15, 2012, we denied the application.

Brown subsequently filed a "Motion to Correct Void Sentence" on February 1, 2013. The trial court denied the motion, and Brown seeks to directly appeal the trial court's order. We, however, lack jurisdiction.

As with his Motion to Set Aside Null and Void Conviction, despite the wording used by Brown to identify the motion, Brown is seeking to challenge the revocation of his probation, not his original sentence. Appeals of probation

---

[1] Brown also filed a number of other motions that also were denied.

revocation matters, however, must be made by discretionary application, not direct appeal. See OCGA § 5-6-35 (a) (5); *White v. State*, 233 Ga. App. 873 (505 SE2d 228) (1998). And such an application is required to be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). "Nomenclature notwithstanding, the substance of a claim must be considered, and a party cannot do indirectly what the law does not allow to be done directly." (Citation omitted.) *Jordan v. Board of Public Safety,* 253 Ga. App. 339, 343 (2) (559 SE2d 94) (2002). Thus, Brown's failure to comply with the discretionary appeal requirements deprives this Court of jurisdiction to consider his appeal.

Moreover, as noted by the trial court, Brown's Motion to Correct Void Sentence raised the same arguments as his Motion to Set Aside Null and Void Conviction. Our prior dismissal and denial of Brown's challenge to his probation revocation is res judicata. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000). Brown's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/05/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*