318 Ga. 48
FINAL COPY

S23A0887. LOVELL v. RAFFENSPERGER et al.
S23A1151. TULLOS et al. v. RAFFENSPERGER et al.

LaGrua, Justice.

Appellant Kristen Lovell filed a complaint in the Superior Court of Columbia County against Brad Raffensperger, in his official capacity as the Secretary of State of Georgia (the "Secretary"), the Columbia County Board of Elections, Ann Cushman, Wanda Duffie, Nancy Gay, Jarthurlynn Hosley, Jamese Walker, and Larry Wiggins. Appellants Lori Tullos and Virginia McFaddin filed a complaint in the Superior Court of Morgan County against the Secretary, the Morgan County Board of Elections and Registration, Jennifer Doran, Dr. James Woodard, Barry Broadmax, Tim Carter, Mary Kay Clyburn, and Kirby Hayes. In their respective complaints, Appellants sought declaratory and injunctive relief. The superior courts dismissed the actions, concluding in part that they were barred by sovereign immunity because Appellants failed to name the

proper defendants as required by Article I, Section II, Paragraph V of the Georgia Constitution ("Paragraph V"). We have consolidated these appeals for the purpose of issuing an opinion. Because the complaints were not brought exclusively against the State and in the name of the State of Georgia or exclusively against and in the name of the relevant local governments, we affirm the trial courts' dismissal of these actions.

1. *Procedural Background*

(a) *Case No. S23A0887*

On September 30, 2022, in the Superior Court of Columbia County, Lovell filed pro se a verified complaint for declaratory judgment and injunctive relief against the Secretary and the Columbia County Board of Elections (the "Columbia County Board") "as listed" in the complaint's caption, which lists six people who are alleged to be members of the Columbia County Board (collectively the "Columbia County Defendants"). While the complaint expressly identified the Secretary as having been sued in his official capacity, it did not expressly identify the capacities in which Cushman,

2

Duffie, Gay, Hosley, Walker, and Wiggins have been sued, i.e., whether they have been sued in their official or individual capacities.

Following a hearing, the trial court granted the motions to dismiss filed by the Columbia County Defendants, concluding in part that Lovell failed to comply with Paragraph V. Lovell timely appealed to this Court.[1]

(b) *Case No. S23A1151*

On October 11, 2022, in the Superior Court of Morgan County, Tullos and McFaddin filed pro se their verified complaint for declaratory judgment and injunctive relief against the Secretary and the Morgan County Board of Elections and Registration (the "Morgan County Board"), "as listed" in the complaint's caption,

---

[1] Lovell did not cause the transcript to be prepared and filed. See OCGA § 5-6-42 ("Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed as provided by Code Section 5-6-41."). Lovell, as the appellant, bears the burden of showing error below. In the dismissal order, the trial court found that Lovell "allege[d] the waiver of sovereign immunity is housed in [Paragraph V (b) (1)]." In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of the transcript that there was sufficient competent evidence to support this finding of the trial court. See *Reed v. Reed*, 295 Ga. 574, 578 (2) (761 SE2d 326) (2014).

which lists six people who are alleged to be officers and/or members of the Morgan County Board (collectively the "Morgan County Defendants"). While the complaint expressly identified the Secretary as having been sued in his official capacity, it did not expressly identify the capacities in which Doran, Woodard, Broadmax, Carter, Clyburn, and Hayes have been sued, i.e., whether they have been sued in their official or individual capacities.

After the Morgan County Defendants filed their motions to dismiss, Tullos and McFaddin filed responses, asserting that Paragraph V (b) (1) waives sovereign immunity for actions seeking declaratory relief from acts of the State. The trial court granted the motions to dismiss, concluding in part that Tullos and McFaddin failed to comply with Paragraph V. Tullos and McFaddin timely appealed to this Court.

2. *Analysis*

Appellants contend that the superior courts erred by concluding that Paragraph V barred their claims. We disagree.

4

(a) "Paragraph V provides a limited waiver of sovereign immunity 'for actions in the superior court seeking declaratory relief from acts of the state' or the state entities specifically listed in Paragraph V." *State v. SASS Group*, 315 Ga. 893, 904 (2) (d) (885 SE2d 761) (2023) (quoting Paragraph V (b) (1)). See also *Kuhlman v. State*, 317 Ga. 232, 235 (2) (892 SE2d 753) (2023). When plaintiffs "try to avail themselves of Paragraph V's waiver of sovereign immunity in any way — i.e., even for one claim — then it is an action filed pursuant to [Paragraph V]." *SASS Group*, 315 Ga. at 897 (2) (punctuation omitted).

Here, because Appellants relied, at least partially, on Paragraph V's waiver of sovereign immunity in pursuing their actions, Appellants filed their actions pursuant to Paragraph V. See *SASS Group*, 315 Ga. at 897 (2) (a).

But in order to take advantage of Paragraph V's limited waiver of sovereign immunity, a plaintiff must comply with the provisions of Paragraph V (b) (2), meaning that the action

must be brought exclusively against the state and in the

name of the State of Georgia (or against the relevant local government as may be the case). If a lawsuit does not comply, then the entire lawsuit must be dismissed, even if some claims within the lawsuit could have otherwise been brought on their own without relying on Paragraph V's waiver.

*SASS Group*, 315 Ga. at 897 (2) (punctuation omitted). In *SASS Group*, we concluded that a plaintiff availing himself of the limited waiver provided by Paragraph V "must bring the action 'exclusively against the state and in the name of the State of Georgia,' which forecloses the option of also suing a state actor in his or her individual capacity in that same suit."[2] Id. at 903 (2) (c).

(b) Today, we answer the question of whether Paragraph V forecloses the option of naming as a defendant a state actor in his or her official capacity, as opposed to naming the State of Georgia (or naming as a defendant a local government actor in his or her official

---

[2] We note that it is difficult to discern from the complaints whether Appellants sued the Columbia County Board and the Morgan County Board as separate state entities, its members in their individual capacities, or both, see *City of Atlanta v. Harbor Grove Apts.*, 308 Ga. App. 57, 58 (1) (706 SE2d 722) (2011) ("[I]n general, plaintiffs have a duty to make plain who they are suing and to do so well before trial." (citation and punctuation omitted)), but we need not untangle these knots today because, as explained below, Appellants' failure to name the State of Georgia (or the relevant local government) is fatal to their actions regardless of the capacities in which the above defendants are sued.

capacity, as opposed to naming the local government itself). In analyzing this question, we begin with the text of Paragraph V (b) (2), which provides:

> Actions filed pursuant to this Paragraph against this state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof shall be brought exclusively against the state and *in the name of* the State of Georgia. Actions filed pursuant to this Paragraph against any county, consolidated government, or municipality of the state or officer or employee thereof shall be brought exclusively against such county, consolidated government, or municipality and *in the name of* such county, consolidated government, or municipality. Actions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph shall be dismissed.

(Emphasis supplied.) The first two sentences of Paragraph V (b) (2) address the form of how such actions shall be brought pursuant to this Paragraph, i.e., "exclusively against" the state or local government and "in the name of" the State of Georgia or local government, and the final sentence does not; it sets forth the consequence for failing to comply with the previous two sentences, i.e., the action shall be dismissed.

In determining the meaning of the phrase "in the name of,"

> we generally apply the ordinary signification to words in construing a constitutional provision. This means we afford the constitutional text its plain and ordinary meaning, view the text in the context in which it appears, and read the text in its most natural and reasonable way, as an ordinary speaker of the English language would.

*Camden County v. Sweatt*, 315 Ga. 498, 509 (2) (b) (883 SE2d 827) (2023) (citation and punctuation omitted). "Doing so requires careful attention to not only the language of the clause in question, but also its broader legal and historical context, which are the primary determinants of a text's meaning." *SASS Group*, 315 Ga. at 897-898 (2) (a) (citation and punctuation omitted). Because Paragraph V (b) (2) was adopted in November 2020, we consider "the ordinary meaning of the English language as it is understood in present-day Georgia." *SASS Group*, 315 Ga. at 898 (2) (a).

The doctrine of sovereign immunity has been "understood to apply not only when the State was sued eo nomine,[3] but also in

---

[3] "Latin for '(b)y or in that name.' Black's Law Dictionary at 652 (10th ed. 2014)." *Lathrop v. Deal*, 301 Ga. 408, 413 (II) (A) n.11 (801 SE2d 867) (2017).

suits against its departments, agencies, and officers in their official capacities." *Lathrop v. Deal*, 301 Ga. 408, 413 (II) (A) (801 SE2d 867) (2017). See also *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) ("Suits against public employees in their official capacities are in reality suits against the state." (citation and punctuation omitted)). See also *McBrayer v. Scarbrough*, 317 Ga. 387, 392 (2) (a) (893 SE2d 660) (2023) ("[S]tyling a claim against a county officer in his official capacity is simply a way of pleading a claim against the county itself." (citation and punctuation omitted)). But Paragraph V (b) (2) provides not just that the action must be brought "against" the State or local government, but that it must be brought "in the name of" the State of Georgia or local government. There are several statutes which use the phrase, "in the name of," to refer to the names of parties in a civil action. See, e.g., OCGA §§ 9-2-21 (a)[4] ("An action for a tort shall, in general, be brought in the name of the person whose legal right has been affected."); 9-11-17

---

[4] OCGA § 9-2-21 was last amended in 1999. See Ga. L. 1999, p. 296, § 24.

9

(a)[5] ("Every action shall be prosecuted in the name of the real party in interest."); 9-11-25 (d) (1)[6] ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate, and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party. . . ."); 9-16-3 (a)[7] ("A civil forfeiture proceeding shall be filed by a state attorney in the name of the State of Georgia in any superior court of this state. . . ."). Because this statutory context existed at the time of Paragraph V's adoption, it is an indicator that the phrase "in the name of" in Paragraph V has a similar meaning. See *Ga. Motor Trucking Assn. v. Ga. Dept. of Revenue*, 301 Ga. 354, 364-367 (2) (B) (801 SE2d 9) (2017) (determining original public meaning of constitutional phrase in the light of statutory context at the time of constitutional adoption). The phrase "in the name of the

---

[5] OCGA § 9-11-17 was amended in 2020. See Ga. L. 2020, p. 456, § 2-7, eff. Jan. 1, 2021.

[6] OCGA § 9-11-25 was enacted in 1966. See Ga. L. 1966, p. 609, § 25.

[7] OCGA § 9-16-3 was enacted in 2015. See Ga. L. 2015, p. 696, § 1-1, eff. July 1, 2015.

10

State of Georgia" in Paragraph V (b) (2) means what it says: actions filed pursuant to Paragraph V must name as a defendant only the State of Georgia (or the relevant local government) or the action shall be dismissed.

Here, Appellants named as defendants the Secretary, not the State of Georgia, and their local boards of election and their board members, not the relevant counties. Because these actions were not brought exclusively against the State and in the name of the State of Georgia or exclusively against the counties and in the name of such counties, the trial courts were correct to conclude that Appellants failed to comply with Paragraph V (b) (2) and their actions were subject to dismissal. Accordingly, we affirm the superior courts' dismissal of these actions.

*Judgments affirmed. All the Justices concur.*

11

Decided January 17, 2024.

Case No. S23A0887

OCGA § 21-2-300; constitutional question. Columbia Superior Court. Before Judge Mingledorff.

Kristen Lovell, *pro se.*

*Hull Barrett, William J. Keogh III, Jordan T. Bell, Thomas L. Cathey; Christopher M. Carr, Attorney General, Bryan K. Webb, Deputy Attorney General, Russell D. Willard, Senior Assistant Attorney General, Elizabeth W. Vaughan, Assistant Attorney General,* for appellees.

Case No. S23A1151

OCGA § 21-2-300; constitutional question. Morgan Superior Court. Before Judge Burleson.

Lori Tullos, *pro se.*

Virginia McFaddin, *pro se.*

*Hall Booth Smith, Christian G. Henry; Christopher M. Carr, Attorney General, Bryan K. Webb, Deputy Attorney General, Russell*

12

*D. Willard, Senior Assistant Attorney General, Elizabeth W. Vaughan, Assistant Attorney General*, for appellees.