NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: February 6, 2024

S24A0309. FIRST CENTER, INC., et al. v. COBB COUNTY, et al.

BETHEL, Justice.

This dispute between the parties stems from a disagreement about the applicable rules dictating the height of a wall surrounding a subdivision that is under development. Appellants brought suit against Cobb County, County Commissioner JoAnn K. Birrell in her official capacity, and Zoning Division Manager John Pederson in his official capacity, setting forth numerous counts, including claims for declaratory, injunctive, and mandamus relief. Appellees responded by filing a motion to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (1) and (b) (6) arguing that Appellants' claim for injunctive relief was barred by sovereign immunity and asserting other defenses to the remaining claims. Following a hearing, the trial court denied Appellants' request for mandamus relief. As to

Appellants' remaining claims, the court granted Appellees' motion to dismiss for failure to state a claim. Appellants filed an application for discretionary review in the Court of Appeals, which was transferred to this Court on the basis that the appeal raises a novel constitutional question left unanswered by this Court's decision in *State v. SASS Group*, 315 Ga. 893, 904 (2) (d) (885 SE2d 761) (2023) — that is, whether Article I, Section II, Paragraph V (b) (2) of the Georgia Constitution requires the dismissal of an action seeking declaratory relief from acts of any county or county officer or employee that names as a defendant the county officer or employee in his or her official capacity. We granted Appellants' discretionary application pursuant to OCGA § 5-6-35 (j) to consider this question.[1]

In the time since we granted the application for appeal, however, we have decided the novel constitutional question presented in this case. See *Lovell v. Raffensperger*, ___ Ga. ___ (___ SE2d ___) (2024 WL 171719, 2024 Ga. LEXIS 5) (Case Nos.

---

[1] We also posed a second question to the parties, but given our disposition here, we need not reach that issue.

S23A0887, S23A1151, decided Jan. 17, 2024). There, we made clear that where a party relies, at least partially, on Paragraph V's waiver of sovereign immunity in pursuing its action, the party's suit must be brought "exclusively" against and "in the name of" the State or local government. See id. at *8. If a party fails to do this, then the entire action must be dismissed. See id. at *8-9 ("The phrase 'in the name of the State of Georgia' in Paragraph V (b) (2) means what it says: actions filed pursuant to Paragraph V must name as a defendant *only* the State of Georgia (or the relevant local government) or the action shall be dismissed." (emphasis supplied)). See also Ga. Const. of 1983, Art. I, Sec. II, Par. V (b) (2) ("Actions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph shall be dismissed.").

Here, the trial court dismissed Appellants' claim for injunctive relief against the County and the Commissioner on this basis, while it purported to dismiss Appellants' remaining claims on other grounds. However, as *Lovell* makes clear, the case was due to be

3

dismissed in its entirety on the basis that Appellants' suit against the County also named as defendants the Commissioner and the Zoning Division Manager. While the trial court should have first considered the threshold jurisdictional issue of sovereign immunity before reaching the other grounds raised in Appellees' motion to dismiss, we nevertheless affirm its ultimate ruling dismissing this action. See *McConnell v. Dept. of Labor*, 302 Ga. 18, 18-19 (805 SE2d 79) (2017) (holding that "[t]he applicability of sovereign immunity to claims brought against the State is a jurisdictional issue" and "[t]herefore, the applicability of sovereign immunity is a threshold determination, and, if it does apply, a court lacks jurisdiction over the case and, concomitantly, lacks authority to decide the merits of a claim that is barred").

*Judgment affirmed. All the Justices concur.*