**October 25, 2024**

# In the Court of Appeals of Georgia

A24A0851. TUSSAHAW RESERVES, LLC et al. v. BUTTS COUNTY.

MARKLE, Judge.

After an unfavorable zoning decision, Tussahaw Reserves, LLC and Keys Ferry Crossing, LLC ("Tussahaw") brought a single action seeking (1) declaratory judgment and injunctive relief against Butts County, pursuant to the waiver of sovereign immunity under Article I, Section II, Paragraph V of the Georgia Constitution ("Paragraph V")[1]; and (2) a writ of certiorari against the Butts County

---

[1] As relevant to this appeal, Paragraph V provides a waiver of sovereign immunity

> for actions in the superior court seeking declaratory relief from acts of . . . any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution

Board of Commissioners ("the Board") and the individual commissioners, in their official capacity, as the respondents-in-certiorari, and Butts County as the defendant-in-certiorari.[2] The trial court granted Butts County's motion to dismiss, concluding that Butts County had not waived its sovereign immunity because Tussahaw had

> of the United States. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. . . .

Ga. Const. of 1983, Art. I, § II, Para. V (b) (1). Under the exclusivity provision,

> [a]ctions filed pursuant to this Paragraph against any county, consolidated government, or municipality of the state or officer or employee thereof shall be brought exclusively against such county, consolidated government, or municipality and in the name of such county, consolidated government, or municipality. Actions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph shall be dismissed.

Id. at (b) (2).

[2] The individual Butts County commissioners named in the action are Ken Rivers, Robert L. Henderson, Sr., Joe Brown, Jr., J. Keith Douglas, and Russ Crumbley.

violated Paragraph V's exclusivity provision by bringing claims against the Board and the commissioners in the same action. In this discretionary appeal, Tussahaw argues the dismissal was in error because Butts County was the sole defendant named in the pleading.[3] For the reasons that follow, we affirm.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." (Citation omitted.) *Young v. Johnson*, 359 Ga. App. 769, 770 (860 SE2d 82) (2021).

As alleged in the complaint, Tussahaw owned two parcels of land that were zoned for agricultural and residential use only. Because Tussahaw wished to develop the property for use as a rock quarry, it filed applications to rezone the parcels with Butts County. In February 2021, both the County Planning Commission and the

---

[3] Tussahaw initially filed its application for appeal in the Supreme Court of Georgia. However, the Supreme Court concluded that its constitutional question jurisdiction had not been invoked by the trial court's decision, and transferred the application to this Court. See *City of Decatur v. DeKalb County*, 284 Ga. 434, 435-436 (1) (668 SE2d 247) (2008); Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

Board held public hearings addressing the matter, and the Board ultimately denied the applications.

The following month, Tussahaw appealed the Board's decision to the superior court, filing a single pleading, in which it sought a writ of certiorari,[4] and also asserted claims for declaratory judgment and injunctive relief, pursuant to Paragraph V's waiver of sovereign immunity. The pleading names the Board and the Board members in their official capacities as respondents-in-certiorari, and Butts County as both the defendant and defendant-in-certiorari.

At the time, the law had become uncertain as to the proper means to challenge a zoning decision due to certain language in *Diversified Holdings, LLP v. City of Suwanee*, 302 Ga. 597 (807 SE2d 876) (2017), which arguably required such actions to be brought by certiorari as appeals of quasi-judicial decisions, rather than as declaratory actions challenging legislative decisions. See *Pickens County v. Talking Rock Bluffs*, 367 Ga. App. 46, 47-48 (885 SE2d 24) (2023).

---

[4] At the time, OCGA § 5-4-1 et seq. governed writs of certiorari to the superior court. That statutory scheme was repealed as of July 1, 2023, and replaced by OCGA § 5-3-2 et seq.

The parties consented to proceed on the certiorari claim to disposition, while holding the other claims in abeyance, unless

> prior to the final resolution of this case, including any appeal, binding precedent from a Georgia appellate court holds that certiorari is not the appropriate vehicle for the court to resolve an appeal of the denial of a rezoning, then the Petitioners may pursue their remaining claims to the extent that they may be found appropriate.

As foreseen by the parties, this wrinkle in the applicable case law was resolved by our opinion in *Schroeder Holdings, LLC v. Gwinnett County*, 366 Ga. App. 353 (883 SE2d 37) (2023).[5] There, we held that the trial court erred in concluding that a local zoning authority's decision to deny a request for rezoning was quasi-judicial and could only be contested by a writ of certiorari. Id. at 356 (1); see also *Pickens County*, 367 Ga. App. at 49.

---

[5] There, we noted that the Supreme Court in *Diversified Holdings* did not, in fact, hold that rezoning appeals to the superior courts are purely adjudicative in nature. See *Schroeder Holdings*, 366 Ga. App. at 356 (1). Moreover, "any confusion in the law on the classification of the zoning authority's decision-making process as adjudicative or legislative in cases of this type is short-lived due to the legislative amendment to OCGA § 36-66-3 and the enactment of OCGA § 36-66-5.1." (Citation omitted.) *Pickens County*, 367 Ga. App. at 49, n. 4. But, because these statutes apply to zoning decisions made on or after July 1, 2022, they are inapplicable here. Id.

*Schroeder*, however, was decided after the trial court had announced its ruling in favor of Appellants on their certiorari petition, but prior to the entry of judgment. Consequently, Butts County moved to enforce the consent order, seeking a de novo trial on the claims for declaratory judgment. While that motion was pending, however, the Supreme Court issued its opinion in *State v. SASS Group*, 315 Ga. 893 (885 SE2d 761) (2023). There, the Court construed the exclusivity provision, and held that "if a lawsuit is filed against the State [or county] pursuant to Paragraph V and that suit includes an independent claim against another party not specified in that paragraph's waiver provision, then the entire lawsuit must be dismissed." Id. at 896 (II), n. 5, 904 (II) (d).

In light of this holding, the County filed its motion to dismiss, contending that the action was barred by Paragraph V, which required it to be brought solely against the County. Following a hearing, the trial court agreed and dismissed the action. Tussahaw filed its application for discretionary appeal, which we granted, and this appeal followed.

In related claims, Tussahaw argues that the trial court misapplied *Sass*, and that this case was not subject to dismissal under Paragraph V because Butts County is the

6

only named defendant in the action. We conclude that the trial court properly dismissed the complaint because, on its face, Tussahaw impermissibly brought claims for substantive relief against the Board, thus violating the exclusivity provision of Paragraph V.

"The doctrine of sovereign immunity, as enshrined in our Constitution, bars suits against the State and its employees in their official capacities unless a statute or the Constitution itself specifically waives that immunity." *SASS Group*, 315 Ga. at 893; see Ga. Const. of 1983, Art. I, Sec. II, Para. IX (e). The burden of establishing a waiver of sovereign immunity is on the party seeking to benefit from it. *Alred v. Ga. Public Defender Council*, 362 Ga. App. 465, 466 (869 SE2d 99) (2022).

Paragraph V provides a limited waiver of the State's or a county's sovereign immunity to actions for declaratory judgment, and accompanying claims for injunctive relief, regarding acts of their governmental entities, employees, and officers.[6] Ga. Const. of 1983, Art. I, § II, Para. V (b) (1). As relevant to this case, Paragraph V further provides:

---

[6] Paragraph V's waiver of sovereign immunity extends to consolidated governments and municipalities, as well. Ga. Const. of 1983, Art. I, § II, Para. V (b) (1).

> Actions filed pursuant to this Paragraph against any county . . . of the state or officer or employee thereof shall be brought exclusively against such county . . . and in the name of such county . . . . Actions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph shall be dismissed.

Ga. Const. of 1983, Art. I, § II, Para. V (b) (2).

> In *SASS Group*, our Supreme Court held that the

> exclusivity provision of Paragraph V means what it says: it requires dismissal of a lawsuit brought under that paragraph against the State [or a county] if it names defendants other than the State or local governments specifically authorized by that provision. When other defendants are named in such a lawsuit, the Constitution requires that the entire suit be dismissed.

315 Ga. at 894, 896 (II), n. 5.

Tussahaw contends that *SASS Group* does not require a dismissal under Paragraph V because the Board and the individual commissioners were not "named" as "defendants," but as "respondents-in-certiorari" with a limited role under the confines of former OCGA § 5-4-1 et seq.[7] This issue — whether or not the term

---

[7] Pursuant to former OCGA § 5-4-3, once a superior court judge sanctions a petition for writ of certiorari, the clerk of court must issue the writ "to the tribunal or

"defendant" as used in Paragraph V includes "respondents-in-certiorari" under the former statutory scheme for certiorari to the superior courts— necessarily involves constitutional construction. See, e.g., *Merrow v. Hawkins*, 266 Ga. 390, 392 (2) (467 SE2d 336) (1996) (construing the term "actual malice" in the context of official immunity under Art. I, Sec. II, Par. IX, of the Georgia Constitution). However, the trial court's order is silent as to this issue, despite Tussahaw raising it below.

As we have explained, "[l]ike the Supreme Court of Georgia, this Court will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point."(Citation and punctuation omitted.) *Regan v. State*, 361 Ga. App. 156, 158 (863 SE2d 527) (2021). Nevertheless, we are not required to remand this appeal to the trial court to determine this issue in the first instance because we conclude, as the trial court did, that the complaint states claims for

---

person whose decision or judgment is the subject matter of the complaint," requiring the production of the record below. Pursuant to former OCGA § 5-4-6 (b), the petition and writ are required to be served both on the "respondent" and on the "opposite party." In parsing out these Code sections, we have explained, "the judicatory body whose decision is appealed is the 'respondent' . . . while the 'opposite party' is the 'party to a dispute.' The judicatory body/respondent and the opposite party/party to a dispute are, thus, separate entities with possibly conflicting interests[.]" *City of Sandy Springs Bd. of Appeals v. Traton Homes*, 341 Ga. App. 551, 557 (2) (801 SE2d 599) (2017).

declarative and injunctive relief against *both* the Board and the County in violation of the exclusivity provision of Paragraph V. *SASS Group,* 315 Ga. at 894; Ga. Const. of 1983, Art. I, § II, Para. V (b) (2).

In determining whether a governmental agency is immune from suit, we look to the substance of the claims asserted, rather than the nomenclature in the pleading. *Sommers Oil Co. v. Ga. Dept. of Agriculture*, 305 Ga. App. 330, 332 (699 SE2d 537) (2010) ("Nomenclature notwithstanding, the substance of a claim must be considered, and a party cannot do indirectly what the law does not allow to be done directly.") (citation omitted); see also *Glass v. Faircloth*, 363 Ga. App. 232, 235 (1) (871 SE2d 69) (2022) ("Pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature.") (citation and punctuation omitted).

It is true that Tussahaw did not name the Board and the individual commissioners as defendants in the style of the case. However, it is clear from the express language of the complaint that Tussahaw sought declaratory and injunctive relief directly against the Board. For example, it requested the trial court to "order *Defendants* to rezone their property to a constitutional zoning classification" and

"grant such other relief as is reasonable and just against *the Board and Butts County* in favor of Petitioners."[8] (Emphasis supplied.) Further, in its prayer for relief, Tussahaw requested the trial court to "declare that *the Board's actions* in denying the Rezoning Application were arbitrary, capricious, unreasonable," and to "declare that *the actions of the Board* in denying the Rezoning Application has resulted in a denial of substantive and procedural due process of law[.]" (Emphasis supplied.) Thus, regardless of the style of the case, Tussahaw stated independent, substantive claims against the Board. See *Glass*, 363 Ga. App. at 235 (1); *Sommers Oil Co.*, 305 Ga. App. at 332.

---

[8] Tussahaw contends that its use of the plural "defendants" was an inadvertent mistake. But this excuse does not explain its request for "other relief" against both the County and the Board, nor its clear requests for declaratory relief against the Board, as set forth above. We are also not persuaded by Tussahaw's contention that, under Paragraph V, it was permitted to "identify" the Board and its members as they acted on behalf of the County in making the zoning decision at issue — so long as the action named only the County as the defendant. As shown above, Tussahaw's pleadings more than merely identified the Board as a nominal party; rather, the complaint sought substantive relief against the Board.

Accordingly, the complaint was subject to dismissal under Paragraph V.[9] See

*SASS Group*, 315 Ga. at 904-905 (II) (d); *Lovell v. Raffensperger*, 318 Ga. 48, 53 (2) (b)

(897 SE2d 440) (2024) (affirming dismissal of complaint seeking declaratory and

injunctive relief under Paragraph V (b) (2) in an action brought against the Secretary

of State and local boards of election, but not the State and the applicable counties);

*First Center v. Cobb County*, 318 Ga. 271, 272 (897 SE2d 854) (2024) (action against

the county, as well as the county commissioner and zoning division manager in their

official capacities, was subject to dismissal in its entirety under Paragraph V's

exclusivity provision).

---

[9] To the extent Tussahaw argues that its action did not offend Paragraph V because its petition for writ of certiorari was supported by its own waiver of sovereign immunity under former OCGA § 5-4-1 et seq. and, ultimately, sought the same relief as its claims for declaratory judgment, these arguments miss the mark. As our Supreme Court explained, "if a plaintiff wants to avail himself of the limited waiver provided by Paragraph V, then he must bring the action "exclusively against the [County] and in the name of the [County]," which forecloses the option of also suing a [local government] actor . . . *in that same suit*." (Emphasis supplied.) *SASS Group*, 315 Ga. at 903 (II) (c) (citing Paragraph V (b) (2)). In other words, Tussahaw was not precluded from bringing its petition for writ of certiorari and for any declarative or injunctive relief against the Board and its members in a separate action. See Id. at 902-904 (II) (c) (discussing the tension between our rules of civil practice, which generally disapprove of claim-splitting, and the dictates of Paragraph V).

And we affirm the trial court's judgment for the reasons stated above.

*Judgment affirmed. Miller, P. J., and Land, J., concur.*