# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2026

*The Court of Appeals hereby passes the following order:*

## A26E0175. CLARENCE ALLEN COWART v. KRYSTAL M. NEWBERRY, AS ADMINISTRATOR OF THE ESTATE OF BILLY J. GAY.

Clarence Allen Cowart ("Cowart") has filed an emergency motion under Court of Appeals Rule 40(b), seeking an order directing the trial court clerk to immediately transmit the complete record and transcript from the proceedings below so that his appeal can be docketed in this Court.[1] Alternatively, Cowart requests that this Court direct the trial court clerk to immediate provide a certification of cause of delay in accordance with OCGA § 5-4-43(a).[2] Cowart contends that the requested emergency relief is necessary to prevent the dismissal of his appeal, which has not been docketed due to the failure to transmit the record and transcript. Because

---

[1] Cowart also has filed a motion seeking the same emergency relief in the trial court.

[2] OCGA § 5-6-43(a) provides that it is the duty of the trial court clerk to prepare and transmit the transcript of evidence and proceedings to the appellate court within five days after the date of filing the transcript. "If for any reason the clerk is unable to transmit the record and transcript within the time required in this subsection or when an extension of time was obtained under [OCGA § 5-6-39], he shall state in his certificate the cause of the delay and the appeal shall not be dismissed." OCGA § 5-6-43(a).

Cowart's motion raises issues that must be adjudicated in the trial court below under OCGA § 5-6-48(c), it must be denied.

In support of the motion, Cowart shows that on October 8, 2025, the trial court entered a final dispossessory order in favor of Krystal M. Newberry, as Administrator of the Estate of Billy J. Gay ("Newberry"). On October 9, 2025, and again on October 10, 2025, Cowart filed notices of appeal, designating the trial transcript for inclusion in the record. Appeal costs were paid on October 14, 2025. The transcript was not filed for inclusion with the record until nearly four months later, on February 11, 2026.

Newberry filed a Motion to Dismiss Appeal under OCGA § 5-6-48(c), contending that Cowart's failure to have the transcript prepared resulted in an unreasonable and inexcusable delay in transmission of the record. The trial court has scheduled a hearing to address the dismissal motion on April 10, 2026. Cowart cannot circumvent the trial court's hearing by seeking emergency relief in this Court.

The questions surrounding the delay in transmission of the record and transcript, and whether the appeal should be dismissed, must be decided by the trial court. OCGA § 5-6-48(c) provides that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appellant]." The statute "requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal." *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011). "[T]he trial court is the court best suited to weigh a party's conduct, the status of the litigation, and other matters relevant to whether the responsible party has acted unreasonably and inexcusably in failing to file a transcript before the statutory deadline." *Premier Pediatric Providers, LLC v. Kennesaw Pediatrics, P.C.*, 318 Ga. 350, 356(2) (898 SE2d 481) (2024) (punctuation omitted). We can not

interfere in the trial court's proceedings in this regard.[3]

"[A] party cannot do indirectly what the law does not allow to be done directly." *Jordan v. Bd. of Pub. Safety*, 253 Ga. App. 339, 343(2) (559 SE2d 94) (2002) (punctuation omitted). See *Northeast Ga. Cancer Care v. Blue Cross & Blue Shield of Ga.*, 297 Ga. App. 28, 32–33(2) (676 SE2d 428) (2009) (a party cannot bypass the required legal procedure by attempting to present its claim under the guise of a different action for relief). Because Cowart cannot bypass the trial court's proceedings under OCGA § 5-6-48(c) by seeking emergency relief in this Court, his 40(b) motion is hereby DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  04/06/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] Cowart has an available remedy to address this issue since "the trial court's decision whether to dismiss an appeal under OCGA § 5-6-48 (c) is appealable." *Premier Pediatric Providers, LLC*, 318 Ga. at 354(2).